IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-1852-WJM-NYW

PHILIP A. RODRIGUEZ,

    Plaintiff,

v.

THE CITY OF BRIGHTON, COLORADO, *et al.*,

    Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST ON JUDGMENT

---

In this civil rights action, Plaintiff Philip A. Rodriguez sues The City of Brighton, Colorado (the "City"), as well as Kenneth J. Kreutzer, J.W. Edwards, Lynn Baca, Clint Blackhurst, and Mark Humbert, individually and in their official capacities as City Council members of the City (collectively, "Defendants") following his termination of employment as City Manager. (ECF No. 35 at 1, 4.) He alleges that after he reported to the City Council and enforcement authorities that City officials may have engaged in irregularities and fraud related to the City's water usage and billing, he was wrongfully terminated, and he asserts claims for First Amendment retaliation, liberty interest relating to the deprivation of his employment, breach of contract, and wrongful discharge. (*Id.* at 21–29.)

On January 21, 2022, Defendants sent to Plaintiff an Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68 ("Offer of Judgment"), which contained the

following terms:

> 1. Judgment may be entered jointly against the Defendants and in favor of Plaintiff:
>
>> a) In the amount of $133,000 (One hundred thirty-three thousand dollars), inclusive of costs and attorneys' fees;
>>
>> b) Plus prejudgment interest as permitted by law.
>
> 2. This judgment shall be in full satisfaction of all federal and state law claims or rights that Plaintiff may have to damages, or any other form of relief, against Defendants arising out of the acts alleged in the Amended Complaint, including all individual and official capacity claims.
>
> 3. If not timely accepted within 14 days, this Offer shall be deemed withdrawn pursuant to the provisions of Fed. R. Civ. P. 68.

(ECF No. 62-1 at 1–2.)

Plaintiff filed his Notice of Plaintiffs' [*sic*] Acceptance of Defendants' Offer of Judgment Pursuant to Fed. R. Civ. P. 68 on February 4, 2022. (ECF No. 62; *see also* ECF No. 62-2.)

This matter is now before the Court on Plaintiff's Motion for Prejudgment Interest on Judgment ("Motion"), filed on March 9, 2022. (ECF No. 64.) Defendants responded on April 13, 2022 (ECF No. 67), and Plaintiff replied on April 22, 2022 (ECF No. 71). For the reasons set forth below, the Motion is denied.

## I. LEGAL STANDARD

"The award of prejudgment interest under federal law 'is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of judgment.'" *Zuchel v. City & Cnty. of Denver, Colo.*, 997 F.2d

730, 746 (10th Cir. 1993) (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1256 (10th Cir. 1988)).  Although prejudgment interest is ordinarily awarded in a federal case, it is not recoverable as a matter of right.  *Id.*  Instead, an award of prejudgment is governed by a two-step analysis: "First, the trial court must determine whether an award of prejudgment interest would serve to compensate the injured party.  Second, when an award would serve a compensatory function, the court must still determine whether the equities would preclude the award of prejudgment interest."  *White v. Chafin*, 862 F.3d 1065, 1068 (10th Cir. 2017) (quoting *Zuchel*, 997 F.2d at 746).

## II. ANALYSIS

Plaintiff argues that the Court should award prejudgment interest in the amount of $32,926.82, calculated at a rate of 9% compounded annually, on the $133,000 judgment over the period of July 16, 2019 (the date of his termination) to February 4, 2022 (the date of his acceptance of the Offer of Judgment).  (ECF No. 63 at 2.)  He argues that the Defendants' defamatory statements prevented him from securing another City Manager job in Colorado and that he and his family were ultimately forced to relocate to Yuma, Arizona.  (*Id.* at 4.)  He contends, *inter alia*, that he was out of work for four months, was forced to accept a job for lower overall compensation than his position with the City, incurred moving and temporary housing costs, and has incurred attorney's fees and costs in litigating this matter.  (*Id.* at 4–5.)  He further states that the Yuma position was not equivalent to his position with the City, and that he was "justified in resigning from the Yuma job to seek more comparable employment."  (*Id.* at 5.)

In his Affidavit, Plaintiff breaks down his purported losses as follows:

3

| Period | Description | Economic Loss |
|---|---|---|
| 7/16/2019 – 11/18/2019 | Total Compensation Loss (Wages and Benefits; approx.) | -$84,745.00 |
| 2019 | Moving and Temporary Housing Costs and Forced Sale of Home Loss (approx.) | -$25,365.00 |
| 11/19/2019 – 01/22/2022 | Total Compensation Loss (Wages and Benefits; approx.) | -$54,270.00 |
| 01/23/2022 – 2/04/2022 | Total Compensation Loss (Wages and Benefits; approx.) | -$10,835.00 |
| 2019 - present | Attorneys' Fees and Costs (approx.) | -$80,000.00 |
| **Total Losses, Fees and Costs (approx.)** | | **-$255,215.00** |

(ECF No. 63-1 ¶ 9.) Based on the foregoing, Plaintiff argues that an award of prejudgment interest would compensate him for the monetary value of his losses. (ECF No. 63 at 5.)

Defendants respond that Plaintiff has already been compensated for his termination through a severance payment and that an award of prejudgment interest would create an unjust windfall for Plaintiff. (ECF No. 67 at 2.) They point out that on July 17, 2019, the City gave Plaintiff a check for nine months of severance payments in the gross amount of $147,309.83, which Plaintiff accepted and deposited, and that Plaintiff's salary in Yuma was approximately $4,500 higher than his salary with the City. (*Id.*) They further dispute Plaintiff's explanation for why he resigned from his Yuma position; they assert that he was forced to resign as Yuma City Administrator after he was charged with, and pled guilty to, various offenses, including failure to give information and assistance.[1] (*Id.* at 3.)

After carefully reviewing the parties' briefs and applicable case law, the Court

---

[1] According to Plaintiff, "Because of internal city political conflicts, and due to me serving as a political appointee, I was forced to resign from the Yuma position effective January 22, 2022." (ECF No. 64-1 ¶ 6.)

concludes that Plaintiff has not demonstrated that that he is entitled to an award of prejudgment interest.

As an initial matter, in weighing the equities of Plaintiff's request, the Court notes that there has been no legal determination in this lawsuit regarding the merits of Plaintiff's claims. Unlike a motion for prejudgment interest following a jury verdict, the merits of Plaintiff's claims have not been determined by a jury or any other trier of fact. To be sure, Defendants have agreed to pay Plaintiff $133,000 to settle this lawsuit. The Court cannot conclude, however, that the fact that Defendants have agreed to settle this action demonstrates that Plaintiff would have prevailed on the merits of his claims. After all, a party may decide to settle an action for many reasons that have nothing to do with the merits of the underlying action, including to avoid mounting attorney's fees and other burdens associated with continued litigation.

Moreover, aside from his own conclusory affidavit, Plaintiff failed to support his opening brief with any evidence supporting his value of his claimed losses. Instead, Plaintiff provides evidence regarding his losses for the first time in connection with his reply brief. (*See* ECF No. 71.) The Court could deem this evidence waived because it was presented to it for the first time in his reply. *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) (arguments raised for the first time in a reply brief generally are deemed waived). In any event, having considered this material, in part to evaluate whether it was indeed new and if it was prejudicial, the undersigned has concluded that it makes no difference to the outcome of the Motion.

Based on the present record, the Court cannot reasonably conclude that Plaintiff has been reasonably been deprived of the monetary value of any losses from the time

of his termination to his acceptance of the Offer of Judgment.  *Zuchel*, 997 F.2d at 746. As Defendants point out, Plaintiff received a severance payment of $147,309.83 at the time of his termination[2] and ultimately obtained a new job with a *higher* salary than his job with the City.  (ECF No. 67 at 3, 8.)  Although Plaintiff contends that his total compensation including benefits was higher for his Brighton position, he does not show *how* he reached this conclusion and how he is valuing his employment benefits. Instead, he merely attaches a number of his employment documents as an exhibit to his reply brief and seemingly expects the Court to do his homework for him.  The Court declines to do so.  *See Est. of McIntire ex rel. McIntire v. City of Boulder*, 61 F. App'x 639, 643 (10th Cir. 2003) ("It is not the responsibility of the court to search the record to find justification for representations made in the briefs."); *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.").

Additionally, the Court cannot accept Plaintiff's arguments regarding his purported losses relating to the forced sale of his Brighton home.  Plaintiff seems to argue that because the estimated market value of his Brighton house increased more than the estimated market value of his Yuma house between July 16, 2019 and February 4, 2022, he incurred a "gross estimated market value loss of $40,254.00 between the two properties through February, 2022."  (ECF No. 71 at 6.)  Among other things, the Court notes that the value of Plaintiff's Yuma house actually increased *more*

---

[2] Plaintiff argues that he was entitled to this termination payment under the terms of his employment contract with the City.  (ECF No. 71 at 7.)  However, this does not change the Court's ultimate conclusion that Plaintiff received funds upon his termination of employment with the City, which lessened the economic burdens associated with leaving his employment with the City.

than the value of his Brighton house when calculated as a percentage of home purchase price. By the Court's calculations and using Plaintiff's own representations regarding the home values (*see id.*), the value of Plaintiff's Yuma house increased by approximately 42.1% over the relevant time period, whereas his Brighton house increased by approximately 38.5% over the same time period.[3] Plaintiff further ignores that because his Brighton house sold for approximately $115,500 more than the amount he paid for the Yuma house, he could have invested the remainder (less moving and temporary housing costs) into the market. As such, the Court cannot conclude that Plaintiff has been deprived of any monetary value relating to his sale of the Brighton home.

The Court further notes that although Plaintiff includes his attorney's fees and costs in his losses for which he is requesting prejudgment interest, Plaintiff is already being compensated for his attorney's fees and costs as part of the Offer of Judgment. (ECF No. 62 at 1.) At any rate, Plaintiff cites no authority supporting his argument that he should receive prejudgment interest on his attorney's fees, and nor is the Court aware of any such case law. *Cf. Auto-Owners Ins. Co. v. Bridgewater Int'l, Inc.*, 2018 WL 1046791, at *3 (D. Colo. Feb. 21, 2018) (noting that "the Court is not aware of any instance where a court has awarded prejudgment interest on the award of attorney's fees" and that "courts have awarded prejudgment interest on the amount of the judgment and separately awarded attorney's fees").

Finally, to the extent that Plaintiff relies on his purported pain and suffering as a basis to award prejudgment interest (*see* ECF No. 71 at 2), his arguments are

---

[3] Increased value of the Yuma house: ($589,500 - $414,900) / $414,900 = 42.08%

unavailing. After all, numerous courts within the Tenth Circuit have found "the notion of prejudgment interest to be incompatible with the concept of non-economic damages." *White v. Wycoff*, 2016 WL 9632932, at *2 (D. Colo. July 7, 2016) (quoting *Clawson v. Mt. Coal Co.*, 2007 WL 201253, at *14 (D. Colo. Jan. 24, 2007)); *see also Wilson v. Burlington N. R. Co.*, 803 F.2d 563, 567 (10th Cir. 1986) (McKay, M., concurring) (recognizing that an award of damages for pain and suffering "is merely the reduction of that sentimental value to dollars at the time of judgment and does not in any real or analytical sense represent the return of the loss of the use of money" and that, as such, an "award of foregone interest on these amounts would be inappropriate").

Based on the record, the Court cannot conclude that an award of prejudgment interest would serve to compensate Plaintiff for his monetary losses from the time of the loss to the payment of judgment or that the equities weigh in favor of such an award. Accordingly, the Motion is denied.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Prejudgment Interest on Judgment (ECF No. 64) is DENIED;

2. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against Defendants according to the terms of the Notice of Plaintiffs' [*sic*] Acceptance of Defendants' Offer of Judgment Pursuant to Fed. R. Civ. P. 68 (ECF No. 62);

3. All pending motions are DENIED as MOOT; and

---

Increased value of the Brighton house: ($734,700 - $530,400) / $530,400 = 38.52%

4.      The Clerk shall terminate this action.

Dated this 2nd day of May, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge